IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JEWELL MARCUS MAXWELL,       )
                             )
            Plaintiff,       )
                             )
                             )    No. CIV-16-1033-R
v.                           )
                             )
OKLAHOMA CITY HOUSING        )
AUTHORITY, et al.,           )
                             )
            Defendants.      )

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983. The named Defendants are Oklahoma City Housing Authority, Ms. Wallace, who is identified as an employee of the Oklahoma City Housing Authority, Oklahoma County Detention Center, Cleveland County Detention Center, Oklahoma County "courthouse," and Cleveland County. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).

I. Statutory Screening of Prisoner Complaints

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant

1

such as Plaintiff who is proceeding *in forma pauperis*, the court has a duty to screen the complaint to determine its sufficiency. See 28 U.S.C. § 1915(e)(2). In this initial review, the court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

To survive this review, the plaintiff must plead "enough facts to state a claim that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In applying this standard the court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the plaintiff. See Leverington v. City of Colo. Springs, 643 F.3d 719, 723 (10th Cir. 2011).

Although a *pro se* litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). See Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008)(court reviewing *pro se* complaint does not "assume the role of advocate")(quotations and citation omitted). Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

An initial review of the sufficiency of the Complaint under 28 U.S.C. §§ 1915A(b) and 1915(e)(2) has been conducted, and based on this review the undersigned recommends dismissal of the cause of action on filing.

II. Plaintiff's Claims

In order to obtain relief from an individual or entity under 42 U.S.C. § 1983, a plaintiff must show that the defendant was "acting under color of" state law at the time of the alleged deprivations for which the plaintiff seeks damages. Conn v. Gabbert, 526 U.S. 286, 290 (1999); West v. Atkins, 487 U.S. 42, 48 (1988). "[A] public employee acts under color of state law while acting in his [or her] official capacity or while exercising his [or her] responsibilities pursuant to state law." West, 487 U.S. at 50.

Plaintiff states that he is a pretrial detainee, and his address coincides with that of the Cleveland County Detention Center in Norman, Oklahoma. Plaintiff alleges in the Complaint that he "was trying to open the window and the window fell on top of me." He alleges "OKCPD [and] EMSA escorted me to hospital and doctor recommended medical surgery. OKCPD took me [and] my paperwork to OKC jail and [I] was not allowed to go to surgery" and was "denied proper medical care/surgical procedure needed on hand." Plaintiff also alleges "OKCPD [and] EMSA took [him] to hospital and doctor scheduled surgery for next morning on right hand injury. OKCPD picked me up for a Cleveland County hold and refused to take me to surgery (denied medical attention)." Finally, he alleges "Cleveland County came to pick me up from OKC jail on a hold and CCDC refused to send me to surgery required/scheduled for the injury by the doctor. Denied medical attention."

Plaintiff's rambling, vague allegations do not clearly set forth the claims or legal foundations for those claims that he intends to present. As best it can be determined, Plaintiff

3

is alleging that he injured his right hand, a medical professional scheduled a surgical procedure for the hand injury, that law enforcement officers with the Oklahoma City Police Department then took him into custody, that he was detained at the Oklahoma County Detention Center, that he was then transferred to the custody of the Cleveland County Detention Center, and that he was not released or returned to the hospital so that he could undergo the previously-scheduled surgical procedure. Plaintiff provides no dates or times with respect to these allegations. Nor is he clear about the identity of the officers who took him into custody, the nature of that custody (he describes it only as a "hold"), or the identity of his custodians. For this alleged denial of previously-scheduled medical treatment, Plaintiff seeks monetary damages and to have "all charges" filed against him dismissed.

First, Plaintiff does not allege any facts indicating why the Oklahoma City Housing Authority or Ms. Wallace should be liable to him in damages under 42 U.S.C. § 1983. Nothing in the Complaint indicates that either the Oklahoma City Housing Authority or Ms. Wallace were state officials acting under color of law or participated in the alleged denial of medical treatment for Plaintiff's hand injury. Therefore, these Defendants should be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A(b) and/or 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

Plaintiff has sued both the Oklahoma County Detention Center, which he describes as the "Oklahoma County Jail," and the Cleveland County Detention Center, which he describes as "CCDC." However, neither the Oklahoma County Detention Center nor the Cleveland County Detention Center are suable entities under 42 U.S.C. § 1983. See Aston

v. Cunningham, No. 99-4156, 2000 WL 796086, * 4 n. 3 (10th Cir. June 21, 2000)(unpublished op.)("Dismissal against [Salt Lake County jail] was also required because a detention facility is not a person or legally created entity capable of being sued."). Therefore, Plaintiff's § 1983 action against Defendants Oklahoma County Detention Center and Cleveland County Detention Center should be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A(b) and/or 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

Also, there are no allegations in the Complaint sufficient to state a claim for relief under 42 U.S.C. § 1983 against Defendant Oklahoma County "courthouse" or Defendant Cleveland County. For a municipality to be liable under § 1983 for the acts of its employees, a plaintiff must prove: "(1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." Becker v. Bateman, 709 F.3d 1019, 1025 (10th Cir. 2013)(internal quotation marks omitted). Plaintiff's Complaint contains no allegations creating an inference that a municipal policy or custom caused a constitutional deprivation. Therefore, Plaintiff's §1983 action against Defendants Oklahoma County "courthouse" and Cleveland County should be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) and/or 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

With respect to Plaintiff's request for relief against unidentified defendants in the form of a dismissal of pending criminal charges, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or

5

speedier release, even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, 481 (1994). Plaintiff's claim against unidentified defendants requesting that pending criminal charges against him be dismissed does not state a viable claim for relief under 42 U.S.C. § 1983, and this claim should be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A(b) and/or 1915(e)(2)(B).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's 42 U.S.C. § 1983 cause of action against Defendants Oklahoma City Housing Authority, Ms. Wallace, Oklahoma County Detention Center, Cleveland County Detention Center, Oklahoma County "courthouse," and Cleveland County be DISMISSED without prejudice pursuant to 28 U.S.C. §§ 1915A(b) and/or 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

It is further recommended that the dismissal of this cause of action count as one "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g). See Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1176, 1177 (10th Cir. 2011)("When an action or appeal is dismissed as frivolous, malicious, or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), the dismissal counts as a strike" and "a dismissal under [28 U.S.C. ] § 1915A counts as a strike when the action was dismissed as frivolous, malicious, or for failure to state a claim . . . .").

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by ___October 31st___, 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation

6

would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this  11th  day of  October , 2016.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE